IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAMBIZ FATTAHI | ) |
| Plaintiff, | ) Case No. 08 CV 00744 (PLF) |
| v. | ) Judge Paul L. Friedman |
| GEORGETOWN UNIVERSITY, et al. | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS GEORGETOWN UNIVERSITY, DARRYL HARRISON, WINFRED WALTON, AND RANDOLPH CHRISTIAN TO PLAINTIFF'S COMPLAINT

Defendants Georgetown University ("Georgetown"), Darryl Harrison, Winfred Walton, and Randolph Christian (collectively "Defendants"), by and through their undersigned attorneys, file this Answer to Plaintiff's Complaint ("Complaint"). The following numbered paragraphs correspond to the numbered paragraphs of the Complaint:

1. The Defendants admit that, at all relevant times, Plaintiff was enrolled as a graduate student in Georgetown's School of Foreign Service's Security Studies Program and that Plaintiff attended the commencement exercises for Georgetown's Graduate School of Arts and Sciences (the "Commencement Exercises") in Georgetown's McDonough Arena on May 18, 2007. The Defendants further admit that Plaintiff was in possession of a backpack while attending the Commencement Exercises. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of Paragraph 1. To the extent a response is required, the remaining allegations are denied.

The Defendants further admit that Winfred Walton and Randolph Christian are officers within Georgetown's Department of Public Safety. The Defendants further admit that

Georgetown's Office of Institutional Diversity, Equity and Affirmative Action ("IDEAA") conducted an administrative review of the events of May 18, 2007. The report of the Administrative Review report speaks for itself and the Defendants deny any characterizations inconsistent with the report. The remaining allegations contained in Paragraph 1 state legal conclusions and argument to which no response is required. To the extent a response is required, the remaining allegations are denied.

## JURISDICTION AND VENUE

2.      The allegations contained in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

3.      The allegations contained in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

## PARTIES

4.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 4. To the extent that a response is required, the allegations are denied. The Defendants admit that, at the time the Complaint was filed, Plaintiff was in his third year as a graduate student at Georgetown.

5.      The Defendants admit that Georgetown is a not-for-profit corporation chartered by Congress with its principal place of business in the District of Columbia at 37th and O Street NW.

6.      Defendant Darryl Harrison admits that, at all relevant times, he was the Director of the Department of Public Safety at Georgetown. The Defendants admit that Winfred Walton and Randolph Christian are officers within Georgetown's Department of Public Safety. The

remaining allegations contained in Paragraph 6 state legal conclusions and argument to which no response is required. To the extent a response is required, the remaining allegations are denied.

7. Defendant Winfred Walton admits that he is a resident of Maryland. Defendant Walton further admits that, at all relevant times, he was a sergeant in Georgetown's Department of Public Safety. Defendant Walton further admits that at all relevant times, he was commissioned as a special police officer pursuant to D.C. Code § 5.129.02. The remaining allegations contained in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

8. Defendant Randolph Christian admits that he is a resident of Virginia. Defendant Christian further admits that, at all relevant times, he was an officer in Georgetown's Department of Public Safety. Defendant Christian further admits that, at all relevant times, he was commissioned as a special police officer pursuant to D.C. Code § 5.129.02. The remaining allegations contained in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

## FACTUAL ALLEGATIONS

9. The Defendants admit that Plaintiff attended the Commencement Exercises in McDonough Arena on May 18, 2007. The Defendants further admit that Plaintiff was in possession of a backpack. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9. To the extent a response is required, the remaining allegations are denied.

10. The Defendants admit that Plaintiff entered Georgetown's School of Foreign Service's Security Studies Program in August 2005 and that Plaintiff was enrolled in that program as of the date of the Complaint. The Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10. To the extent a response is required, the remaining allegations are denied.

11. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11. To the extent a response is required, the allegations are denied.

12. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12. To the extent a response is required, the allegations are denied.

13. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13. To the extent a response is required, the allegations are denied.

14. The Defendants admit that Dr. Bernard Bailyn delivered a speech at that Commencement Exercises in the McDonough Arena on May 18, 2007. The Defendants further admit that Defendant Walton, who was wearing a Department of Public Safety uniform, approached Plaintiff. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent a response is required, the remaining allegations are denied.

15. The Defendants admit that Defendant Walton asked Plaintiff to accompany him to a hallway outside the McDonough Arena. The remaining allegations are denied.

16. The Defendants admit that Defendant Christian who was also wearing a Department of Public Safety uniform joined Defendant Walton in the hallway. The remaining allegations are denied.

17. The Defendants admit that Defendants Walton and Christian inquired whether Plaintiff was a student and asked him for identification. The remaining allegations are denied.

18.     The Defendants admit that Plaintiff provided Defendants Walton and Christian with a business card, a Virginia drivers' license, and Georgetown identification card. The remaining allegations are denied.

19.     The Defendants admit that Defendants Walton and Christian asked Plaintiff to keep his hands in plain view. The remaining allegations are denied.

20.     The Defendants admit that Defendant Harrison briefly joined Defendants Walton and Christian in the hallway. The remaining allegations state legal conclusions and argument to which no response is required. To the extent a response is required, the remaining allegations are denied.

21.     The Defendants admit that Defendants Walton and Christian verified Plaintiff's Georgetown identification card with the Department of Public Safety. Plaintiff's allegation that he was detained states a legal conclusion to which no response is required. The remaining allegations are denied.

22.     The Defendants admit that Defendants Walton and Christian asked Plaintiff for permission to search his backpack and that Plaintiff granted them permission to do so. The Defendants further admit that after searching Plaintiff's backpack, Defendants Walton and Christian told Plaintiff that he was permitted to return to his seat in the McDonough Arena. The remaining allegations contained in Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

23.     The allegations in Paragraph 23 are denied.

24.     The Defendants lack knowledge or information sufficient to form a belief as to the truth regarding this allegations contained in Paragraph 24. To the extent a response is required, these and the remaining allegations are denied.

25. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25. To the extent a response is required, the remaining allegations are denied.

26. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26. To the extent a response is required, the remaining allegations are denied.

27. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27. To the extent a response is required, the remaining allegations are denied.

28. The Defendants admit that Plaintiff filed a complaint with the Department of Public Services on May 19, 2007 and that a member of the Department of Public Safety received Plaintiff's complaint. The remaining allegations are denied.

29. The Defendants admit that on May 22, 2007, a member of the Department of Public Safety interviewed Plaintiff in connection with the complaint he submitted to the Department of Public Safety. The remaining allegations are denied.

30. The Defendants admit that on May 25, 2007, Plaintiff submitted a Bias Related Incident Report to IDEAA regarding the events of May 18, 2007. The Defendants further admit that on May 27, 2007, Plaintiff sent e-mails to Georgetown employees and administrators regarding the events of May 18, 2007. The remaining allegations are denied.

31. The Defendants admit that Rosemary Kilkenny, the Vice President for Institutional Diversity and Equity at Georgetown, provided Plaintiff with a copy of a July 12, 2007 report of an administrative review conducted by IDEAA. This report speaks for itself and the Defendants deny any characterizations inconsistent with the document.

32. Paragraph 32 refers to a document that speaks for itself; the Defendants deny any characterizations inconsistent with the document.

33. Paragraph 33 refers to a document that speaks for itself; the Defendants deny any characterizations inconsistent with the document.

34. Paragraph 34 refers to a document that speaks for itself; the Defendants deny any characterizations inconsistent with the document.

35. Paragraph 35 refers to a document that speaks for itself; the Defendants deny any characterizations inconsistent with the document.

36. Paragraph 36 refers to a document that speaks for itself; the Defendants deny any characterizations inconsistent with the document.

37. Paragraph 37 refers to two documents that speak for themselves; the Defendants deny any characterizations inconsistent with the documents.

38. Paragraph 38 refers to a document that speaks for itself; the Defendants deny any characterizations inconsistent with the document.

39. The allegations in Paragraph 39 are denied.

### LEGAL CLAIMS

The Defendants incorporate their responses in paragraphs 1-39 into their responses to each of Plaintiff's nine legal claims.

### COUNT ONE
### UNLAWFUL DETENTION IN VIOLATION OF
### THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. The first sentence of Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 42 are also denied.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT TWO
## RACIAL PROFILING IN VIOLATION OF
## THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION
## AND 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

52. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52. To the extent a response is required, the allegations are denied.

53. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53. To the extent a response is required, the allegations are denied.

54. The Defendants admit that Plaintiff was holding a backpack when Defendant Walton approached him in the McDonough Arena on May 18, 2007. Plaintiff's allegation that Defendant Walton seized him states a legal conclusion to which no response is required. Further, Plaintiff's characterization of his alleged activities as typical is argument to which no response is required. To the extent a response is required, these and the remaining allegations in Paragraph 54 are denied.

55. The first sentence of Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 55 are also denied.

56. Paragraph 56 states legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

57.     Paragraph 57 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

58.     Paragraph 58 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

59.     Paragraph 59 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries.  To the extent a response is required, the allegations are denied.

60.     Paragraph 60 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries.  To the extent a response is required, the allegations are denied.

61.     Paragraph 61 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

**COUNT THREE**

62.     Paragraph 62 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

63.     Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

64.     Paragraph 64 states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries.  To the extent a response is required, the allegations are denied.

## COUNT FOUR

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

## COUNT FIVE

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

## COUNT SIX

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

## COUNT SEVEN

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

## COUNT EIGHT

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

## COUNT NINE

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Further, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries. To the extent a response is required, the allegations are denied.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Defendants acted at all times in good faith and in accordance with the United States Constitution, the laws of the United States, and the laws of the District of Columbia.

3. Any injury sustained by Plaintiff was caused in whole or in part by Plaintiff's conduct or by the acts of others for whom the Defendants are not responsible.

4. Any injury sustained by Plaintiff was caused in whole or in part by superseding and/or intervening causes.

5. If discovery uncovers evidence to support this Defense, the Defendants reserve the right to contend that Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

6. Plaintiff's claims are barred or subject to reduction by the doctrine of contributory and/or comparative negligence.

7. An award of punitive damages would violate the Fifth and the Fourteenth Amendments to the United States Constitution.

8. At all times Defendants acted within the scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling them to qualified immunity from suit and damages.

9. At all times Defendants acted within the scope of their discretionary authority and with a reasonable, good faith belief that their actions were lawful and proper, thereby entitling them to qualified immunity from suit and damages.

10. The Plaintiff is not entitled to declaratory or injunctive relief because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

11. The Plaintiff is not entitled to declaratory or injunctive relief because Plaintiff lacks standing.

12. The Defendants reserve the right to assert any and all other defenses including affirmative defenses that become available during the course of discovery or trial.

WHEREFORE, the Defendants request that the Complaint be dismissed in its entirety, that Plaintiff be denied all relief, that judgment be entered against Plaintiff and in favor of Defendants, and that Defendants be awarded attorneys' fees and costs expended herein, along with any other relief as the Court deems just and proper.

        Respectfully submitted,


          /s/ John J. Buckley, Jr.
        WILLIAMS & CONNOLLY LLP
        John J. Buckley, Jr., D.C. Bar No. 925081
        Malachi B. Jones, D.C. Bar No. 455555
        Richa S. Dasgupta, D.C. Bar No. 500509
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        (202) 434-5000
        (202) 434-5029 (fax)

        *Of Counsel:*
        Jane E. Genster, D.C. Bar No. 939850
        Vice President and General Counsel
        Georgetown University
        37th & O Streets, NW
        Washington, DC 20057
        (202) 687-6500
        (202) 687-6527 (fax)

June 23, 2008        *Attorneys for Defendants Georgetown University, Darryl Harrison, Winfred Walton, and Randolph Christian*

## CERTIFICATE OF SERVICE

    I certify that the foregoing document was filed with the Court on the 23rd Day of June, 2008, and that service was made via ECF and by First Class Mail to:

>David Wachtel
>Barnabei & Wachtel, PLLC
>1775 T Street N.W.
>Washington, D.C. 20009

      /s/ Richa S. Dasgupta
      Richa S. Dasgupta