**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KAMBIZ FATTAHI** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Docket No. 08 CV 0744-PLF** |
| | ) | |
| **vs.** | ) | **Judge Paul L. Friedman** |
| | ) | |
| **GEORGETOWN UNIVERSITY, et al.** | ) | **Next Event:** |
| | ) | **Status Conference** |
| **Defendants.** | ) | **July 24, 2008, 10:00 a.m.** |
| | ) | |

### DEFENDANTS' PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.3 of the Local Rules of Civil Procedure, the parties conferred and were unable to agree to a discovery plan that sets out a schedule for the completion of discovery in this matter, including summary judgment briefing.[1]

Plaintiff proposes an unrealistic 4 month schedule to complete discovery by the end of November. This schedule is unworkable and unrealistic for the following reasons:

First, Plaintiff's proposal fails to account for any third party discovery the parties may want to take. Those parties potentially include individuals who attended the graduation ceremony as guests and who may have witnessed Plaintiff's conduct and his initial interaction with Georgetown University's Public Safety Officers, including the persons who complained to Georgetown University's Public Safety Officers about Plaintiff's behavior. Given the

---

[1] The parties were able to agree that the exchange of initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) will take place by Aug. 4, 2008 and that the deadline for filing motions to amend the pleadings or add parties should be Oct. 31, 2008. The parties are also in the process of negotiating a jointly proposed protective order.

Complaint's reference to Plaintiff's "public humiliation" (par. 33) in the hallway of McDonough Gymnasium, the third parties may potentially include one or more persons who witnessed the conversation that took place there. It will require time to attempt to identify, locate, and depose these persons.

Second, while the event at issue took place on a single day, the scope of discovery will undoubtedly not be so limited. For example, the Complaint references the administrative review that the University subsequently conducted in response to his complaint (*see* Complaint, ¶¶ 28-38) and Plaintiff will predictably seek discovery relating to that review.

Third, Plaintiff's proposal fails to take in to account the inevitable pressures and scheduling difficulties of the summer and fall holidays and the demands of the academic calendar. Added pressures will arise given that the lives of most of Georgetown University's witnesses are ruled by an academic calendar which will see the end of the semester and exams approaching in November 2008. Thus, the parties will be rushing to complete discovery around Thanksgiving and the end of the semester. Invariably, a scheduling difficulty will require the parties to come to the Court for a last minute extension.

Lastly, lead trial counsel for the Defendants has two out-of-town trials scheduled for the fall – a one week trial in September followed by a two week trial in October. Between trial preparation and the trials themselves, Defendants' lead trial counsel will be heavily occupied with these pre-existing obligations.

For all these reasons, Defendants propose a more reasonable 8 month schedule as follows:

I.    Non-expert depositions shall commence no earlier than September 1, 2008 and shall be completed by February 27, 2009.

II.    First Requests for the Production of Documents and first Interrogatories are to be served by all counsel no later than September 29, 2008, and responses shall be served within thirty (30) days thereafter.

III.    The deadline for filing Proponent's Rule 26(a)(2) expert disclosures is January 16, 2009.

IV.    The deadline for filing Opponent's Rule 26(a)(2) rebuttal expert disclosures is February 13, 2009.

V.    Any further Requests for the Production of Documents and Interrogatories shall be served no later than February 13, 2009.

VI.    Requests to Admit, if any, to be served no later than February 13, 2009.

VII.    Expert depositions shall commence no earlier than February 13, 2009 and shall be completed by March 31, 2009.

VIII.    All discovery shall be completed by March 31, 2009.

IX.    Any summary judgment motions shall be filed no later than April 30, 2009.

X.    Any opposition to summary judgment motions shall be filed no later than May 14, 2009.

XI.    Any reply brief in support of a summary judgment motion shall be filed no later than May 28, 2009.

XII.    The pretrial conference, shall  take place 60 days after the close of discovery, unless a motion for summary judgment is filed, in which case, the pretrial conference shall be set 60 days after a decision on that motion.

July 17, 2008                              Respectfully submitted,


                                     _____/s/_____
                                     WILLIAMS & CONNOLLY LLP
                                     John J. Buckley, Jr., D.C. Bar No. 925081
                                     Malachi B. Jones, Jr., D.C. Bar No. 455555
                                     Richa S. Dasgupta, D.C. Bar No. 500509
                                     725 Twelfth Street, N.W.
                                     Washington, D.C. 20005
                                     (202) 434-5000
                                     (202) 434-5029 (fax)

                                     *Attorneys for Defendants Georgetown University,
                                     Harrison, Christian and Walton.*