**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KAMBIZ FATTAHI | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. 08 CV 0744-PLF |
| | ) | |
| v. | ) | Judge Paul L. Friedman |
| | ) | |
| GEORGETOWN UNIVERSITY, et al. | ) | Next Event: |
| | ) | Status Conference |
| Defendants. | ) | July 24, 2008, 9:00 a.m. |

**JOINT STIPULATION AND PROPOSED ORDER
GOVERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiff Kambiz Fattahi and Defendants Georgetown University, Darryl K. Harrison, Randolph Christian and Winfred Walton (collectively "Defendants") are parties to the above-captioned litigation, and each believes that it will or may be required to disclose to the other confidential medical records, security information, personnel records, or student information (hereinafter "Confidential Information") relating to the subject matter of this litigation;

WHEREAS, the parties contemplate that Confidential Information produced in this action may be produced by non-parties and the parties also seek to facilitate the production and protection of such information;

WHEREAS, the parties intend to commence discovery in connection with this litigation, including interrogatories and requests for production of documents, and recognize that Confidential Information will be disclosed in the course of that discovery and in other proceedings in this litigation;

WHEREAS, the parties desire to limit the extent of disclosure and use of such Confidential Information, and to protect such Confidential Information from unauthorized use and/or further disclosure.

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the parties, through their respective counsel, subject to the approval of the Court, that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be entered as follows.

IT IS ORDERED THAT:

## APPLICABILITY

1. This Protective Order shall apply to and shall govern all documents, things, discovery responses, testimony, or any other type or form of information (oral, written, magnetic, electronic, or otherwise) designated by the disclosing party, including without limitation third parties, in good faith as constituting or containing Confidential Information pursuant to this Protective Order.

## DESIGNATION OF CONFIDENTIAL INFORMATION

2. The disclosing party shall designate any document or thing produced containing Confidential Information by stamping on each page thereof containing Confidential Information, or on the first page of a multi-page document, a notice reading as follows:

"CONFIDENTIAL –
PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents or things, the party may mark the copies that are produced or exchanged. The disclosing party shall designate things as containing Confidential Information by stamping or marking them in a similar manner to the extent practicable. When Confidential Information is disclosed in a form not appropriate for such stamping or marking, it shall be designated in writing as Confidential Information at the time it is delivered to the receiving

party. The term Confidential Information is used hereinafter to mean information that has been designated as Confidential Information pursuant to this paragraph 2 or paragraphs 7, 8, or 9 hereof.

      3.      Except upon further Order of the Court or by express written consent of counsel for the disclosing party, Confidential Information produced in this litigation shall be used only for the purposes of this lawsuit and shall not be disclosed by the receiving party to any person or entity other than:

      (a)      The Parties, trial counsel of record, and employees of such counsel (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation;

      (b)      Present and former officers, directors, employees or consultants of the receiving party who are actively engaged in assisting and/or advising trial counsel, in-house counsel or outside counsel regarding the conduct of this litigation.

      (c)      Independent experts (and the professional secretarial and clerical staff of such entities) who are requested by trial counsel of the receiving party to furnish expert services in connection with this action;

      (d)      Trial and appellate courts for this action, and court reporters and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition;

      (e)      Employees of the party or non-party that produced the designated document or material.

      (f)      The authors or recipients of the designated document or material; and

(g) Witnesses or deponents and their counsel, during the course of, or to the extent necessary for, preparation for depositions or testimony or during the course of depositions or testimony.

4. (a) Each person to whom disclosure of all or part of Confidential Information is made shall agree to subject himself or herself personally to the jurisdiction of the Court in which this litigation is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

(b) Prior to the disclosure to any person identified in paragraphs 3(b) or 3(c) hereof of an opposing party's Confidential Information, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect such Confidential Information from discovery by unauthorized co-employees and third persons.

5. Anyone receiving Confidential Information hereunder shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Protective Order, and shall not make any other disclosure of such Confidential Information for any purpose whatsoever. Confidential Information shall not be used by any receiving person or party except in connection with the conduct of this litigation. Use by any person of Confidential Information for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

6. The recipient of any Confidential Information that is produced pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

**SPECIAL PROVISIONS FOR DOCUMENT INSPECTIONS**

7. (a) If the parties mutually agree on a case by case basis, certain groups of documents and things may be first produced by one party for inspection by the other party, and the receiving party shall not make copies of the documents produced and, if notes are made therefrom other than a list identifying documents or things to be copied or otherwise furnished, the notes shall be treated as Confidential Information; until further agreement of the parties or until the underlying document relating to such notes has been classified as other than Confidential Information.

(b) When each group of documents and things are first produced by one party for inspection by the other party, the production for inspection of any information or material by the disclosing party shall not be a waiver of attorney-client privilege or protection for attorney work product for the same or related information or material, and/or any right to designate material under this Protective Order as Confidential Information. The receiving party agrees that it shall not make any argument or advance any position that the disclosing party's production of documents or things at such first inspection has waived in whole or in part any attorney-client privilege or work product protection.

5

(c) After the receiving party has selected documents or things for copying, and before copies are transmitted to the receiving party, counsel for the disclosing party shall designate and mark the documents and things as Confidential Information, if and to the extent appropriate. The preservation of attorney-client privilege and attorney work product protection for information contained in copies of documents delivered by the disclosing party to the receiving party after the first inspection of such documents is controlled by the provisions of paragraph 13(a).

## **SPECIAL PROVISIONS FOR DEPOSITIONS**

8. Prior to and/or during a deposition, or within fifteen (15) days after the mailing by the court reporter of the deposition transcript of any person, any party may designate as Confidential any portion of the deposition that discloses Confidential Information, in which case it shall be so considered and treated as within the terms of this Protective Order. The original and all copies of any deposition transcripts designated in their entireties as Confidential Information shall be marked by the court reporter or the parties with the notice "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" or the equivalent and, if only a portion of the transcript is so designated, that portion shall be bound separately from the remainder of the transcript before delivery to the receiving party. During the course of the deposition, any party may designate portions of the deposition testimony as Confidential Information, and such portions of the testimony shall be taken only in the presence of persons authorized under paragraph 3 above, as appropriate. Until 5 days after the mailing of a deposition transcript, or until the designation of the deposition transcript as Confidential Information within the terms of this provision, any transcript of the deposition shall be treated as Confidential Information.

## SUBSEQUENT DESIGNATION OF
## TESTIMONY, DOCUMENTS, AND THINGS

9. Failure of counsel to designate and/or mark any document, thing, or testimony as Confidential Information as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. After such designation, such documents and things shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

## FILING WITH THE COURT

10. All information that a party designates as Confidential Information which is filed with the Court or referred to in documents filed with the Court, including deposition transcripts, answers to interrogatories, briefs, memoranda, affidavits, and any similar documents, unless otherwise agreed by the parties or ordered by the Court, shall be filed in sealed envelopes bearing the caption of this litigation and containing substantially the following notice: "CONFIDENTIAL BY ORDER OF THE UNITED STATES DISTRICT COURT: FILED PURSUANT TO STIPULATED PROTECTIVE ORDER."

## REMOVAL FROM CONFIDENTIALITY

11. The parties shall act in good faith in designating information and materials as Confidential Information. In the event of any dispute with respect to the propriety or correctness of a particular designation of information, including testimony and documents, the receiving party must notify counsel for the disclosing party in writing concerning the disagreement over designation by specifically identifying the documents or testimony at issue. The parties shall then confer in good faith as to the proper status of such information. If the

7

parties are unable to reach agreement, the party wishing to challenge the designation may file a motion for an appropriate order from the Court.  At any hearing or briefing with respect to the propriety of any designation, the disclosing party shall have the burden of establishing the proper designation of the particular information.  The information shall be treated as designated until the issue is resolved by the Court.  No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so during or after this litigation shall not preclude a subsequent challenge to the propriety of such designation.

### **CONFIDENTIAL INFORMATION OF THIRD PARTIES.**

12. (a) A third party from whom discovery is sought may obtain the protection of this Order by designating the documents or other materials produced as Confidential Information, or by designating information disclosed during a deposition or in response to written discovery as Confidential Information in the manner specified in Paragraph 2.

(b) Immediately upon receiving documents or other materials from a third party in response to a subpoena, the party issuing the subpoena shall provide the opposing party written notice of receipt of the materials and shall make available to the opposing party copies of the materials for review.  Any party may, within twenty (20) days after receipt or review of the materials, designate any of the third-party materials as Confidential Information in the manner specified in Paragraph 2.  Any party or non-party may then make a written objection to such designation.  Upon such objection, the designated materials shall be treated as Confidential Information, as the case may be, until the matter is resolved according to the procedures described in Paragraph 11 above.  Counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER".

**GENERAL PROVISIONS**

13. The inadvertent delivery by the disclosing party of documents, transcripts, or any other materials to the receiving party containing information for which a claim of attorney-client privilege or attorney work product protection might have been made by the disclosing party shall be without prejudice to the right of the disclosing party to claim attorney-client privilege or attorney work product protection for such information and to request that such materials be returned to the disclosing party; provided that the disclosing party makes such a claim and request within seven (7) days after learning of the inadvertent delivery. Upon receiving such a claim and request from the disclosing party, the receiving party shall promptly return the attorney-client privileged or attorney work product protected materials and shall destroy any copies of such materials that have been made and whether still in its possession or not. A party who has returned such materials may then move the Court for an order compelling production. In the meantime, the material in dispute shall be treated as privileged or work product protected until the issue is resolved by the Court.

14. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information.

15. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure or the Rules or Orders of this Court.

16. If another person, entity, court or administrative agency subpoenas or orders production of any discovery materials that a party has obtained under the terms of this Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoena or order at least ten (10) calendar days before such production is scheduled or such subpoena is returnable. No discovery materials shall be produced until such ten (10) calendar days have elapsed or, if objections are made, any party's objections shall have been overruled. If a party receives a subpoena seeking the production of such discovery materials in less than ten (10) calendar days, that party must notify the party who produced those materials within twenty-four (24) hours of receipt of the subpoenas. The party objecting to the production may move this court for a modification of the terms of this paragraph.

17. Within sixty (60) days after the conclusion of this litigation, unless the parties agree in writing to the contrary, all information marked Confidential Information produced pursuant to the terms of this Protective Order, and all copies thereof, shall be either returned to the party furnishing such information or destroyed at the option of the disclosing party. One copy of documents and things marked Confidential Information that has been included in motions or pleadings may be retained for trial counsel's archives. If the disclosing party elects to have the receiving party destroy documents embodying or reflecting Confidential Information, the receiving party shall, within thirty (30) days of said destruction, certify to the disclosing party in writing that such destruction has been completed. Insofar as the provisions of this Protective Order restricts the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were

filed under seal), and (b) a party may seek the written permission of the producing party or further Order of the Court with respect to dissolution or modification of such protective orders.

18. This Court may make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Protective Order including, without limitation, orders modifying, extending, limiting or vacating any or all of the provisions herein contained.

19. This stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided in any of the preceding paragraphs hereof.

20. Nothing contained in this Order and no actions taken pursuant to this Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

21. The parties agree that confidentiality designations (or the lack thereof) made pursuant to this Order cannot be used as evidence in a court of law and are not relevant to the substantive legal issues in this case.

22. Nothing in this Order shall affect the ability of a disclosing party to use Material it has marked as Confidential in any way, provided that disclosure to any persons other than those to whom disclosure is permitted in accordance with this Stipulation shall be deemed to be a waiver of the confidential classification.

23. This stipulated Protective Order may be executed in counterparts by counsel for the parties, each of which shall be deemed an original, and all such counterparts collectively shall constitute but one and the same stipulated Protective Order. This stipulated Protective Order may be

executed by facsimile, and a facsimile signature shall have the same force and effect as an original signature on this stipulated Protective Order.

    IT IS SO STIPULATED this 23rd day of July, 2008.

                                                                     ___/s/ Malachi B. Jones_____
                                                   WILLIAMS & CONNOLLY LLP
                                                   John J. Buckley, Jr., D.C. Bar No. 925081
                                                   Malachi B. Jones, Jr., D.C. Bar No. 455555
                                                   Richa S. Dasgupta, D.C. Bar No. 500509
                                                   725 Twelfth Street, N.W.
                                                   Washington, D.C. 20005
                                                   (202) 434-5000
                                                   (202) 434-5029 (fax)

                                                   *Attorneys for Defendants Georgetown University, Harrison, Christian and Walton.*


                                                   ___/s/ David M. Wachtel_____
                                                   David M. Wachtel, D.C. Bar No. 427890
                                                   Bernabei & Wachtel PLLC
                                                   1775 T Street N.W.
                                                   Washington, D.C. 20009
                                                   (202) 745-1942

                                                   *Attorney for Plaintiff Kambiz Fattahi.*


    IT IS SO ORDERED:                                   _____

                                                     United States District Judge

                                                     Dated: _____

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

**Case No. 08 CV 00744**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**

DECLARATION OF _____CONFIRMING COMPLIANCE WITH THE PROTECTIVE ORDER IN KAMBIZ FATTAHI v. GEORGETOWN UNIVERSITY, ET AL., CASE NO. 08 CV 0744**.**

I, _____, declare the following:

    I have read and understand the Protective Order (the "Protective Order") entered in the matter entitled KAMBIZ FATTAHI v. GEORGETOWN UNIVERSITY, ET AL., CASE NO. 08 CV 00744, currently pending in the United States District Court for the District of Columbia, and I agree to be bound by its terms.

    I consent to the jurisdiction of the Court with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of the Court, including the power of imposing sanctions for contempt.

    My address is    _____
                                    _____
                                    _____.

    My telephone number is   _____.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at_____.

                                                              _____
                                                                  [signature]